THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

JAMES REDDICK, Admr.

*Opinion filed October 23, 1907—Rehearing denied Dec. 5, 1907.*

RAILROADS—*when foreman of switching crew is not a fellow-servant of switchman—negligence.* The foreman of a switching crew who knows that the track onto which he is about to shunt some cars has been recently occupied by other cars, although he knows another crew has been ordered to remove them, is not a fellow-servant of his switchman in signaling the engineer to back the cars and in ordering the switchman to cut off the cars to be shunted, and it is negligence for him to give such orders before ascertaining whether the track is clear.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JESSE B. BARTON, for appellant.

JAMES C. MCSHANE, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee in the superior court of Cook county, against the appellant, to recover damages for the death of his intestate,

John Russler, alleged to have been occasioned by reason of the negligence of one Frank J. Kennedy, who was in the employ of the appellant as the conductor (or foreman) of a switching crew of which Russler was a member. The case was submitted to the jury upon a declaration containing two counts, to which the general issue was filed. The jury returned a verdict in favor of the appellee for $8500, which judgment has been affirmed by the Branch Appellate Court for the First District, and a further appeal has been prosecuted to this court.

At the close of all the evidence the appellant made a motion for a directed verdict, which motion was denied, and the sole contention made in this court as a ground of reversal is that the court erred in denying said motion, as it is said it clearly appears from the undisputed evidence that John Russler and Frank J. Kennedy, by reason of whose negligence it is averred said Russler lost his life, were fellow-servants.

It appears from the evidence that two switching crews were working in the yards of the appellant; that Frank J. Kennedy was the foreman of one crew and James Doyle the foreman of the other crew; that shortly before three o'clock on the morning of October 30, 1903, when Doyle and Kennedy were both present, the appellant's yard-master directed Doyle, who with his crew was working in the west part of the yards, to remove the cars from track No. 7, and Kennedy, who with his crew was working in the east part of the yards, to collect certain cars and place them on track No. 7. The Kennedy crew consisted of an engineer, a fireman, and Kennedy, who was conductor or foreman, and two switchmen, Russler and Hitzelberger. Shortly after said orders had been given to Doyle and Kennedy, the engine of the Kennedy crew had hold of a train consisting of twenty-three cars, four or five of which cars Kennedy directed to be placed upon track No. 7. Hitzelberger lined up the switches for track No. 7 and Kennedy gave the engineer

the signal to back up the train. As the rear end of the train passed Kennedy and Russler, Kennedy directed Russler to cut off the cars, which were located upon the rear end of the train, which were to be placed upon track No. 7. Russler mounted the east car to be cut off, as it passed him, and made the cut. The train was moving rapidly, with a view to kick the cars desired to be left upon track No. 7 onto that track. At the time the flying switch was made Doyle had failed to remove one of the cars from track No. 7, which was left standing near the east end of that track, and as the cars which Russler had cut from the train, and upon the east one of which he was riding, went in upon track No. 7, the west car of the cut came in contact with the car standing upon track No. 7, with the result that Russler was thrown from the car upon which he was riding, to and upon the track, and was run over and killed by the rear end of the train from which the cut had been made, which continued to move in the same direction as the cut. It was dark, the train was moving rapidly, and Russler had no knowledge that a car was standing upon track No. 7 at the time he made the cut in obedience to the order of Kennedy, and the negligence relied upon to justify a recovery was the act of Kennedy in ordering the cut of cars which he had ordered Russler to make, to be kicked in upon track No. 7 without knowing that Doyle had removed the cars from said track and that the track was unobstructed. The fact that such neglect of Kennedy constituted actionable negligence is not controverted.

The question whether two servants in the employ of a common master are fellow-servants is usually a question of fact; (*Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 207 Ill. 9;) if, however, there is no controversy as to the facts and the conclusions to be drawn therefrom, such question may become a question of law. (*Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 Ill. 330.) It has, however, been held by this court that if the master has con-

ferred upon one member of a class of workmen carrying on a particular branch of his business,—such as the conductor of a switching crew,—authority to control or direct the movements of the men under his charge, while in the exercise of such authority such servant stands in the place of the master, and the relation of fellow-servants does not exist between such servant and the men over whom he exercises such authority while he is in the exercise of such authority, although at other times the relation of fellow-servants may exist between such servant and the other employees of the common master. (*Illinois Southern Railway Co.* v. *Marshall,* 210 Ill. 562; *Chicago and Alton Railroad Co.* v. *May,* 108 id. 288; *Chicago, Rock Island and Pacific Railway Co.* v. *Strong,* 228 id. 281.) At the time Kennedy directed Russler to cut the cars from the moving train which were to be kicked in upon track No. 7 Kennedy clearly was a vice-principal of the appellant, and Russler was bound to obey his command or refuse so to do at his peril. Kennedy knew that cars had been standing upon track No. 7 a very short time before he gave the order to Russler, and although he knew Doyle had been directed to remove the cars from track No. 7, it was actionable negligence on his part to order the cut to be made by Russler and the cars to be kicked in upon said track without being informed whether said track had been cleared of cars by Doyle.

We are of the opinion the evidence found in this record fairly tends to show that Kennedy was acting as the vice-principal of the appellant at the time he gave such negligent order to Russler and caused the cut of cars upon which he knew Russler was riding to be thrown in upon track No. 7, and that the relation of fellow-servants did not exist between Kennedy and Russler at the time Russler lost his life, and that the trial court did not err in declining to take the case from the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*